UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

MARIE VERNE,

                                                             Plaintiffs,

      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MELANIE KATZ, Principal of Franklin Delano Roosevelt
High School; ELIZABETH MESSMANN, Assistant
Principal of Franklin Delano Roosevelt High School,

                                                             Defendants.

**STIPULATION AND
CONFIDENTIALITY ORDER**

21-CV-05427

------------------------------------------------------------------------ X

**WHEREAS**, plaintiffs have sought certain documents and information from defendants in discovery in this action, which defendants deem to be confidential ("Confidential Material"); and

**WHEREAS**, defendants object to the production of those documents and information unless appropriate protection for their confidentiality is assured;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1.     As used herein the term "Confidential Materials" shall be defined as : (1) any documents, including electronically-stored information and email communications, containing personal information of any present or former employee of the City of New York and New York City Department of Education, except for any named plaintiffs including, but not limited to, information and documents regarding salary, payroll, promotions, training, discipline, evaluations, post and tour assignments, actual or potential personnel action, investigation files, disciplinary files, and internal Equal Employment Opportunity files; (2) any information of a personal or

intimate nature regarding any individual, or; (3) any other category of information this Court subsequently affords confidential status.

2. **Method of Designating Documents and Information as Confidential.** There are two methods by which defendants may designate material to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be as designated as "Confidential." In addition, defendants may designate portions of deposition testimony as "Confidential" at the time of the deposition or within 30 days after receipt of the final transcript by defendants. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Stipulation and Confidentiality Order does not preclude or waive a deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

3. **Subsequent Designation.** Documents and/or materials produced in this action that are not identified as Confidential Materials when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by defendants by providing written notice to plaintiffs' counsel and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Materials that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

4. **Contesting Confidential Designations.** Plaintiffs may object to the designation of information as "Confidential" by notifying counsel for defendants in writing at any

time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents as Confidential.

      5.    **Use and Disclosure of Confidential Materials.** The Confidential Materials shall be used by plaintiffs and plaintiffs' attorney solely for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such Confidential Materials shall not be disclosed by plaintiffs or plaintiffs' attorney to any other persons other than the following qualified recipients:

    a.    members of plaintiffs' counsel's firm and/or office, including any contractors or individuals engaged by the plaintiffs in connection with performing services in this litigation or disposition of this action;

    b.    the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;

    c.    deponents, during the course of their depositions;

    d.    any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court; and

    e.    persons retained by plaintiffs to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by plaintiffs or engaged by the plaintiffs for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who have reviewed

and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 6, below.

Confidential Materials disclosed to persons defined in subparagraphs (a) through (e) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (e) of paragraph 5 nor shall any such Confidential Materials be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action.  These individuals shall be so advised of their duty to maintain confidentiality.

Should any Confidential Material be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Confidential Order.

6. **Production of Confidential Materials to Experts.**  Any person identified in 5(e) above who is to be provided access to the Confidential Materials shall be provided a copy of this Stipulation and Confidentiality Order and be required to sign a written statement (to be held by plaintiff's counsel) submitting to this Court's jurisdiction (for the purpose of enforcing this Protective Order) before receiving such Confidential Materials.  The form of such statement shall be consistent with Exhibit A, attached hereto.

7. **Filing Documents Under Seal.**  If a party intends to file sealed or redacted papers with the Court which incorporates Confidential Materials or reveals the contents thereof, that party must apply to the Court to seal those portions of the papers.  Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases.  However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying

information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

        8.    **Return or Destruction of Information.**  Within 60 days of final termination of this action, including any appeals, all Confidential Materials, including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties, and materials that have been admitted into evidence in this action), shall be returned to the defendants or destroyed by the plaintiffs and/or experts who received production of those materials upon written request, with written verification of the destruction to defendants.

        9.    Nothing in this Stipulation and Confidentiality Order shall be construed to limit defendants' use of the Confidential Materials in any manner.  In the event that plaintiffs designate documents within their production as confidential, the rights and protections provided to defendants in this Stipulated Agreement and Order shall apply with equal force to plaintiffs, and no clause or paragraph should be construed to exclude plaintiffs from said rights and protections.

        10.    This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties.  Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

        11.    Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

12. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

13. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

14. Within 60 days of the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any confidential documents, or documents containing confidential information, shall be destroyed or returned to the disclosing attorney and all work product documents containing confidential information shall be destroyed. Counsel for the receiving party shall then confirm in writing to opposing counsel that the confidential information has been returned or destroyed as required by the forgoing sentence.

15. Nothing in this Stipulation and Protective Order shall limit the Parties' own use of its Confidential Materials nor shall it serve to limit a party's right to review, withhold or redact documents and related information (including metadata) for relevance, responsiveness, as required by state or federal statute, or on the basis of privilege.

A facsimile copy of the signatures and of this stipulation can be considered the same as an original for the purposes of this stipulation.

Dated:     New York, New York
           January 13, 2022

**BRYAN GLASS**                                   **GEORGIA M. PESTANA**
Glass Harlow & Hogrogian LLP                      Corporation Counsel of the City of New York
85 Broad St                                       Attorney for Defendants
WeWork, 18th Floor                                100 Church Street, Room 2-316

6

New York, NY 10004
212-537-6859

New York, New York 10007
(212) 356-3522

By: _____
Bryan Glass

By: _____
Elisheva L. Rosen
Assistant Corporation Counsel

All requests to seal or redact must be made in accordance with the Court's Individual Rule 4.

**SO ORDERED:**

January 14, 2022
_____
Date

_____
JOHN P. CRONAN     JSC
United States District Judge

7

## **EXHIBIT A**

      I hereby acknowledge that I have read the So-Ordered Stipulation and Protective Order entered in the Southern District of New York, on _____, 20\_\_, in the action *Marie Verne v. New York City Department of Education, et. al.*, Civil Action No.: 21-CV-05427, and understand the terms thereof.

      I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

      I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, noted, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must be either destroyed or returned at the conclusion of this matter.

|  |  |
|---|---|
| _____ | _____ |
| Date | Signature |
|  | _____ |
|  | Print Name |
|  | _____ |
|  | Occupation |

Case 1:21-cv-05427-JPC   Document 29   Filed 01/13/22   Page 9 of 9