UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARIE VERNE,

                                                Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MELANIE KATZ, Principal of Franklin Delano Roosevelt
High School; ELIZABETH MESSMANN, Assistant
Principal of Franklin Delano Roosevelt High School,

                                            Defendants.
------------------------------------------------------------------------x

**STIPULATION AND
ORDER REGARDING
CLAWBACK AGREEMENT**

21-CV-05427

       Subject to the Court's approval, the parties in the above-captioned litigation (this "Action") hereby stipulate to the clawback order and the procedures set forth herein for addressing the clawback of privileged, protected, personally identifiable, and non-responsive information and material. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rules of Evidence 502(d), Federal Rules of Civil Procedural 26(c), and any other applicable law; and shall specifically preclude the application of FRE 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Stipulation and Order.

       1.      This Stipulation and Order shall apply to all documents and information, including electronically stored information produced by the parties in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, responses to any other discovery devices, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this

litigation as well as testimony adduced at trial, deposition, or during any hearing (collectively, "Discovery Material").

2. Any Party's production or disclosure in this proceeding of information or material that contains personally identifiable information and/or is protected by any privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not waive any claim of privilege, protection, personally identifiable information, and/or non-responsiveness applicable to that material or its subject matter in this Action or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

*Clawback Demand by Producing Party or Other Interested Party*

3. Any Party that produces or discloses Protected Material (the "Producing Party"), or any other party purporting to hold a privilege or protection, or other interest against disclosure (the "Other Interested Party"), may (i) notify in writing the Party receiving Protected Material (the "Receiving Party") that Protected Material was produced or disclosed and that it does not intend to waive the applicable privilege, protection, or interest against disclosure; and (ii) demand that the Receiving Party return or destroy the Protected Material (the "Clawback Demand"). Such demand shall identify the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, information sufficient to identify the document or information) and the basis for the claim of privilege, protection, personally identifiable information, and/or non-responsiveness.

*Receiving Party to Immediately Notify Producing Party; Cease Inspection, Use and/or Disclosure of Protected Material*

4. Immediately upon identifying a document or information produced by the Producing Party and any Other Interested Party in writing of its receipt of the potentially Protected Material and identify the Protected Material by the Bates number of the document or, if no Bates number appears on the document, information sufficient to identify the document so that the Producing Party or Other Interested Party may make a Clawback Demand; and (ii) cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

5. Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, and/or non-responsiveness, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

6. In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party will not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action. These introduction, use, and disclosure limitations shall not apply if the Receiving Party notifies the Producing Party and any Other Interested Party of the apparent Protected Material in accordance with paragraph 4 and the Producing Party or Other Interested Party confirm in writing that they will not claw back the document or information.

***Receiving Party to Destroy or Return Protected Material & Related Material***

7. Unless the Receiving Party seeks an order compelling production of the documents or information covered by the Clawback Demand in accordance with paragraph 8, within ten (10) business days of receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, and/or non-responsiveness, shall: (i) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies, (ii) notify any third party to whom the Receiving Party sent or disclosed such Protected Material that the third party must return the Protected Material to the Producing Party or destroy it; and (iii) destroy any work product, analysis, memoranda, or notes reflecting the content of such Protected Material and/or which the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material. The Receiving Party shall provide written assurance to the Producing Party that these actions have been completed within ten (10) days of receiving a Clawback Demand. If any additional work product, analyses, memoranda, or notes reflecting or based upon the Protected Material are later discovered, they shall immediately be destroyed. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, in a timely manner, produce redacted versions of the documents subject to the Clawback Demand.

*Seeking an Order to Produce Protected Material*

8. Notwithstanding the directives of paragraph 7, if a Receiving Party disagrees with a Producing Party or Other Interested Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand (and upon the fulfillment of any obligation to meet and confer as may be required by rule

or applicable law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand.  The Receiving Party's motion and/or argument to the Court (i) shall not disclose or otherwise refer to the content of the Clawback Material beyond the information set forth in a privilege log or Clawback Demand itself; and (ii) shall not disclose that the material was subject to a Clawback Demand.  The Receiving Party also shall not assert that its return or destruction of the Protected Material has caused it to suffer prejudice.  The Receiving Party is not subject to the directives set forth in paragraph 7 until the Court resolves the Receiving Party's motion, at which time the Court's decision shall govern the treatment of the disputed documents and/or information.  Until the motion is resolved, (i) the directives set forth in paragraph 7 shall not apply; and (ii) except as this paragraph permits, the Receiving Party shall not use the disputed Protected Material, including any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material that the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) generated based upon such Protected Material.

***Rights, Limitations and Objections Related to this Stipulation and Order***

9. Nothing in this Stipulation and Order shall prevent, limit, or restrict the parties' right to conduct a full review of and apply redactions to, if applicable, documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information prior to production and/or disclosure.

10. Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or

reasonably should know to be privileged and to inform the Producing Party or any Other Interested Party that such materials have been produced.

11. Nothing in this Stipulation and Order shall operate as an admission by the parties that any particular document or information is or is not responsive, privileged, reflective of personally identifiable information, and/or admissible in this Action.

12. Nothing in this Stipulation and Order will prevent, limit, or restrict the parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action.

13. This Stipulation and Order may be changed only by further agreement of the parties in writing or by Order of the Court and shall not prejudice the right of any Party, in good faith, to seek modification of this Stipulation and Order by application to the Court on notice to all undersigned parties.

**STIPULATED TO:**

Dated: New York, New York
October ___, 2021

**BRYAN GLASS**
Glass Harlow & Hogrogian LLP
85 Broad St
WeWork, 18th Floor
New York, NY 10004
212-537-6859

**GEORGIA M. PESTANA**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-316
New York, New York 10007
(212) 356-3522

By: _/s/ Bryan Glass_
Bryan Glass

By: _/s/ Elisheva L. Rosen_
Elisheva L. Rosen
Assistant Corporation Counsel
Dated: January 13, 2022

**SO ORDERED:**

Date: January 14, 2022
New York, New York

_____
JSC  JOHN P. CRONAN
United States District Judge